FILED by KA D.C.

Jun 23, 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**22-20275-CR-COOKE/DAMIAN**
CASE NO. _____

18 U.S.C. § 1029(a)(3)
18 U.S.C. § 1028A(a)(1)
18 U.S.C. § 982(a)(2)(B)
18 U.S.C. § 1029(c)(1)(C)

UNITED STATES OF AMERICA

vs.

LAVON MOSS JR.,

       **Defendant.**
_____/

## INDICTMENT

The Grand Jury charges that:

### COUNT 1
**Possession of Fifteen or More Unauthorized Access Devices**
**(18 U.S.C. § 1029(a)(3))**

On or about January 10, 2022, in Miami-Dade County, in the Southern District of Florida, the defendant,

**LAVON MOSS JR.,**

did knowingly, and with intent to defraud, possess fifteen (15) or more unauthorized access devices, that is, dates of birth and social security numbers issued to other persons, said conduct affecting interstate and foreign commerce, in violation of Title 18, United States Code, Section 1029(a)(3).

## COUNTS 2-4
## Aggravated Identity Theft
## (18 U.S.C. § 1028A(a)(1))

On or about January 10, 2022, in Miami-Dade County, in the Southern District of Florida, the defendant,

**LAVON MOSS JR.,**

during and in relation to a felony violation of Title 18, United States Code, Section 1029(a)(3), that is, knowingly, and with intent to defraud, possessing fifteen (15) or more unauthorized access devices, that is, dates of birth and social security numbers issued to other persons, said conduct affecting interstate and foreign commerce, as charged in Count 1 of this Indictment, did knowingly transfer, possess, and use, without lawful authority, the means of identification of another person, as set for in each count below:

| Count | Means of Identification |
|---|---|
| 2 | Name, date of birth, and social security number belonging to "F.C" |
| 3 | Name, date of birth, and social security number belonging to "S.V." |
| 4 | Name, date of birth, and social security number belonging to "V.M." |

In violation of Title 18, United States Code, Section 1028A(a)(1).

2

## FORFEITURE ALLEGATIONS

1. The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **LAVON MOSS JR.**, has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 1029, as alleged in this Indictment, the defendant, **LAVON MOSS JR.**, shall forfeit to the United States: (a) all property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of such violation, pursuant to Title 18, United States Code, Section 982(a)(2)(B); and (b) any property used, or intended to be used, to commit such offense, pursuant to Title 18, United States Code, Section 1029(c)(1)(C).

All pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1029(c)(1)(C), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Sections 982(b)(1) and 1029(c)(2).

A TRUE BILL

_____
FOREPERSON

_____
JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

_____
YARA DODIN
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

LAVON MOSS JR.,

_____ /
Defendant.

CASE NO.:

**CERTIFICATE OF TRIAL ATTORNEY\***

**Superseding Case Information:**

New Defendant(s) (Yes or No)
Number of New Defendants
Total number of New Counts

**Court Division** (select one)
☑ Miami  ☐ Key West  ☐ FTP
☐ FTL    ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3. Interpreter: (Yes or No) No
   List language and/or dialect:

4. This case will take  4  days for the parties to try.

5. Please check appropriate category and type of offense listed below:

    (Check only one)                    (Check only one)
    I    ☑ 0 to 5 days                  ☐ Petty
    II   ☐ 6 to 10 days                 ☐ Minor
    III  ☐ 11 to 20 days                ☐ Misdemeanor
    IV   ☐ 21 to 60 days                ☑ Felony
    V    ☐ 61 days and over

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge                           Case No.
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Magistrate Case No.
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge                           Case No.
9. Defendant(s) in federal custody as of
10. Defendant(s) in state custody as of
11. Rule 20 from the                District of
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No

By: _____/s/ Yara Dodin_____
    Yara Dodin
    Assistant United States Attorney
    FLA Bar No.   0124979

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**:   Lavon Moss Jr.

**Case No**: _____

Count #: 1

Title 18, United States Code, Section 1029(a)(3)

\* **Max. Term of Imprisonment:** 10 years
\* **Mandatory Min. Term of Imprisonment (if applicable):**
\* **Max. Supervised Release:** 3 years
\* **Max. Fine:** $250,000

Counts #: 2-4

Title 18, United States Code, Section 1028(A)(1)

\* **Max. Term of Imprisonment:** 2 years
\* **Mandatory Min. Term of Imprisonment (if applicable):** 24 months consecutive to any other imposed sentence
\* **Max. Supervised Release:** 3 years
\* **Max. Fine:** $250,000

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.