UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-20275-CR-MARTINEZ

UNITED STATES OF AMERICA,

    Plaintiff,
vs.

LAVON MOSS, JR.,

    Defendant.
_____/

## MOTION TO SUPPRESS PHYSICAL EVIDENCE

Defendant, Lavon Moss, through undersigned counsel, respectfully moves to suppress the evidence in this case. In support thereof, he states as follows:

**I. Factual background**

On January 10, 2022, Detective Yunieski Arriola of the Miami-Dade Police Department swore an affidavit for the search warrant in this case. *See* Exhibit A, Search Warrant and Affidavit in Support of Warrant. In that affidavit, Detective Yunieski Arriola states the following information. Detective Arriola is a homicide detective who frequently views various social media accounts. One of the social media accounts he was checking on December 31, 2021 was one that he had identified as belonging to Lavon Moss. Detective Arriola states that he observed a Instagram post or story that read "yercs on deck" and two short videos where a person he identifies as Mr. Moss says "peculadies C230, U17" and "yall come get them things" with photos of two different prescription pill bottles. Detective Arriola says that upon seeing those, he and several other Miami-Dade Police Department Detectives immediately drove to the registered address of Mr. Moss and saw Mr. Moss "standing in the area with several other males." It does not say that they saw him selling any drugs or any evidence of drug sales. Despite neither observing any sales, nor did the Instagram posts explicitly offering pills in exchange for money or anything of value,

1

Detective Arriola swore in the affidavit that he "knows" that Mr. Moss is alerting his Instagram followers that he is selling Percocet and Oxycodone. Apparently based on that opinion,[1] Detective Arriola then got warrants for Mr. Moss's Instagram account and the cell phone accessing his Instagram account from T-mobile.

On January 7, 2022, Detective Arriola was reviewing Mr. Moss's Instagram account and observed a video which contained a large brown bag of marijuana which contained several medium sized clear bags of marijuana inside. The search warrant does not allege that Mr. Moss made any offers to sell the marijuana nor did the Detective go to the residence at that time to observe whether there was any evidence of drug sales.

Based on those two observations, a warrant for the search of Mr. Moss's home was issued on January 10, 2022. The warrant lists the statutes being violated as "Florida Statute § 934.215 Unlawful use of a two-way communication device [and] Florida Statute § 893.13(1)(a)1 Sale of a controlled substance." The "Property Sought" is listed as

> 1. Any electronic device, but not limited to cellular phones, use or owned by Instagram user "poohsanedahomie" which may have been used for the creation of these pictures and/or videos.
> 2. Any and all contraband.
> 3. Any other items deemed of evidentiary value that could be relevant to proving the above listed charges.

According to the police report issued in this case, on the same date the warrant issued, the police went to Mr. Moss's home to execute the warrant. They took him into custody in the living room hallway. The report only lists what was found in the southeast bedroom, which included (1) a brown paper bag and book bag on the floor that contained baggies with suspect marijuana, (2) a red composition book containing personal identifiable information (and is the evidence in this

---

[1] Undersigned has requested but not yet received copies of the warrants served on Instagram and T-mobile.

case) that was located on top of the TV stand, and (3) an iPhone with a black case that was recovered near the bed.

## II. Memorandum of Law

**A. The warrant to search Mr. Moss's home was overbroad and thus, invalid.**

Mr. Moss's Fourth Amendment rights were violated by the Government's search of his home because the warrant was unconstitutionally overbroad and lacking in particularity. The warrant was initially specific as to (1) electronic devices and (2) any and all contraband, but the problematic inclusion of a catch-all third item that allowed the police to search for "any other items deemed of evidentiary value that could be relevant to proving the above listed charges" is simply too broad. An overbroad warrant is an unreasonable "general" warrant, permitting the officer indiscriminately to search and seize every item in the home. Accordingly, the fruits of those searches should be suppressed.

The Fourth Amendment prohibits general search warrants and requires that a warrant be specific. U.S. CONST. Amend. IV. "Specificity has two aspects: particularity and breadth. Particularity is the requirement that the warrant must clearly state what is sought. Breadth deals with the requirement that the scope of the warrant be limited by the probable cause on which the warrant is based.'" *United States v. Maali,* 346 F.Supp.2d 1226, 1239 (M.D.Fla. 2004) (quoting *In re Grand Jury Subpoenas Dated December 10, 1987,* 926 F.2d 847, 856–57 (9th Cir.1991)). The Constitution limits law enforcement to search only "the specific areas and things for which there is probable cause to search," which requires that "that the search will be carefully tailored to its justifications, and will not take on the character of the wide-ranging exploratory searches the Framers intended to prohibit." *Maryland v. Garrison*, 480 U.S. 79, 84 (1987); *see also Voss v. Bergsgaard*, 774 F.2d 402, 404 (10th Cir. 1985); *United States v. Vitek Supply Corp.*, 144 F.3d 476, 481 (7th Cir. 1998). The specificity requirement protects persons against the

3

government's indiscriminate exploratory rummaging through their property. *See Coolidge*, 403 U.S. at 467. Thus, the search must be specifically directed to the means and instrumentalities by which the crime charged had been committed.

Here, the warrant was overbroad and lacking in particularity, transforming it into a general warrant prohibited by the Fourth Amendment. Even if there were probable cause to search the home for evidence of drugs, the warrant as issued was so broad it allowed for a "general rummaging" in Mr. Moss's home, which was precisely what led to the discovery of the evidence in this case. Here, the justification for the search was to find evidence of the sale of a controlled substance. Therefore, the warrant should have been limited to items specifically related to sales of a controlled substance, as alleged in the affidavit. It did not. Instead, it allowed for search and seizure of "*any other items* deemed of evidentiary value that could be relevant to proving the…charges." Exh. A, emphasis added. That provision is both overboard and impermissibly deficient as to particularity.

Assuming there was probable cause to search the home for evidence that was used as an instrumentality of the alleged sale of a controlled substance or the electronic device mentioned in the affidavit, there was no probable cause to search the closed paper notebook found on the TV console. The overbreadth and lack of particularity in this warrant, allowing for search and seizure of the pretty much anything the police wanted to look at in the home, transformed this warrant into a general warrant. Accordingly, the warrant was invalid, and the results of the search must be suppressed.

**B. Even if the warrant were valid, the search of the notebook exceeded the scope of the warrant.**

As stated above, the Fourth Amendment's particularity requirement prohibits "exploratory rummaging" through a person's belongings. A search pursuant to a warrant must be only for the items described and only in the places in which the items to be seized could reasonably be found.

4

Further, "only items described in the search warrant may be seized." *United States v. Jenkins,* 901 F.2d 1075, 1081 (11th Cir.1990). Similar to the Fourth Amendment's limits on seizures, the scope of the search "must be carefully tailored to its underlying justification." *See e.g.*, *Florida v. Royer*, 460 U.S. 491, 500 (1983) (a detention must be "carefully tailored to its underlying justification").

Here, the search and seizure of the notebook was not carefully tailored to the underlying justification of the search—finding evidence of the sale of drugs. There was no basis to believe that evidence regarding the sale of a controlled substance would be found in a notebook. Thus, law enforcement exceeded the scope of the warrant when they opened, read, and seized the notebook. Therefore, the notebook and information found inside of it must be suppressed. *United States v. Jackson*, 120 F.3d 1226, 1228 (11th Cir. 1997)("If a search exceeds the scope of the terms of a warrant, any subsequent seizure is unconstitutional."); *United States v. Hendrixson*, 234 F.3d 494, 497 (11th Cir. 2000)(holding when police officer engages in search outside of the proper scope, whether that scope is defined by warrant or by circumstances, evidence obtained in search may be excluded)(citing *Horton v. California,* 496 U.S. 128, 140 (1990)); *United States v. Fuccillo,* 808 F.2d 173, 177-78 (1st Cir. 1987)(evidence suppressed because executing officers exceeded the scope of warrant authorizing seizure of women's clothes by seizing two racks of men's clothes); *United States v. Coleman,* 805 F.2d 474, 483 (3rd Cir. 1986)(evidence suppressed because officers exceeded scope of warrant authorizing seizure of certain financial records by seizing material not included in warrant); *United States v. Foster,* 100 F.3d 846, 849-52 (10th Cir. 1996)(evidence, including items authorized by search warrant, suppressed because police exhibited "flagrant disregard" for warrant's terms by seizing everything of value in suspect's home when the warrant only authorized seizure of drugs and four guns).

**C. The Good Faith Exception Does Not Apply**

The government will likely respond that even if the search warrant or its execution was defective, the Court should nevertheless deny the motion based on the good faith exception delineated in *United States v. Leon*, 468 U.S. 897, 922 (1984). The relevant inquiry is whether a "reasonably well-trained officer" would have known that the search was illegal despite being authorized by a neutral magistrate. *Leon*, 468 U.S. at 922 n.23.

The good faith exception applies in all but four limited sets of circumstances: (1) where "the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard for the truth", (2) "where the issuing magistrate wholly abandoned his judicial role in the manner condemned in", (3) where the affidavit supporting the warrant is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable", and (4) where, depending upon the circumstances of the particular case, a warrant is "so facially deficient – i.e., in failing to particularize the place to be searched or things to be seized – that the executing officers cannot reasonably presume it to be valid." Id.

In this case, both the first and last exceptions apply. Detective Arriola omitted important information in this case and drafted a warrant general enough to allow him to search every item in the home in furtherance of a separate investigation. Detective Arriola is primarily a homicide detective. His affidavit in this case begins with him explaining that he was specifically searching through Mr. Moss's Instagram account. Upon information and belief, Detective Arriola was looking for any way they could search Mr. Moss's telephone and home to investigate a shooting case related to the El Mula Banquet Hall; however, he omits that from the warrant application. The warrant affidavit also notes that after seeing one post regarding possession of two bottles of prescription drugs (oxycodone and Percocet), Detective Arriola and "several Miami-Dade Police

Department Detectives immediately drove to" Mr. Moss's home. When they arrived, the saw Mr. Moss standing around with other men. It is odd that several Miami-Dade Police Department detectives would urgently investigate what they say is a potential sale of two bottles of prescription drugs. It is also remarkable that a homicide detective would take time to get a warrant based on the potential possession or sale of a relatively small amount of marijuana and prescription drugs. The search warrant and its application were purposefully drafted broadly to allow them to search Mr. Moss's phone and home in a general manner to further an unrelated investigation. During Mr. Moss's post-*Miranda* by the Detectives in this case, they spend a significant amount of time asking him about his knowledge regarding the El Mula Banquet Hall shooting. The warrant application omits mention of the detectives other motives for wanting access to Mr. Moss's home and phone. The warrant was drafted broadly to allow them to search whatever they wanted to search to further their unrelated investigation and to pressure Mr. Moss to speak with them. The *Leon* good faith exception does not apply in this case.

For the above reasons, the seizure and search of Mr. Moss's home violated the Fourth Amendment, and the evidence found pursuant to the search must be suppressed.

    Respectfully Submitted,

    MICHAEL CARUSO
    FEDERAL PUBLIC DEFENDER

By:    */s/ Aimee Ferrer*
    Aimee Ferrer
    Assistant Federal Public Defender
    Florida Bar No. 17827
    150 W. Flagler Street, Suite 1700
    Miami, Florida 33130-1556
    Tel: (305) 530-7000
    Email: aimee_ferrer@fd.org

## **CERTIFICATE OF SERVICE**

I HEREBY certify that on **September 30, 2022,** I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: *s/ Aimee Ferrer*