UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-20275-MARTINEZ

UNITED STATES OF AMERICA

vs.

LAVON MOSS JR.,

       **Defendant.**
_____/

**UNITED STATES OF AMERICA'S RESPONSE TO DEFENDANT'S
MOTION TO SUPPRESS PHYSICAL EVIDENCE**

The United States of America, through the undersigned Assistant United States Attorney, submits this response to the defendant's motion ("Motion") to suppress physical evidence found pursuant to the search of his residence after the execution of a state search warrant (DE 19).

The Motion raises two main issues with the search of the defendant's home. First, it claims that the warrant was overboard, and thus invalid. Second, it claims that even if the warrant were valid, the search of the notebook exceeded the scope of the warrant. Lastly, the defendant argues that the good faith *Leon* exception should not apply (DE 19). The defendant's Motion fails on both grounds, and the Court should deny the defendant's request to suppress the physical evidence obtained in this case for the reasons outlined below.

**I.   FACTS**

A federal grand jury in the Southern District of Florida returned a 4-count Indictment charging the defendant with one count of possession of fifteen or more unauthorized access devices and three counts of aggravated identity theft (DE 1).

On or about December 31, 2021, Detective Yuniel Arriola with the Miami-Dade Police Department ("MDPD") observed pictures posted on the defendant's Instagram account showing photographs of a pill bottle with white pills that appear to be consistent with Percocet, with a statement saying "yercs on deck," which the detective understood to be street slang for the sale of Percocet. The detective also observed videos on the defendant's Instagram account showing two pill bottles full of oxycodone, stating "C230, U17" and "Ya'll come get them things." The detective noticed the post was made within the hour of his viewing it and drove to the defendant's residence and observed the defendant standing in the area with several other males. Then, on January 7, 2022, the detective observed another video posted on the defendant's Instagram account showing a large brown paper bag containing several medium sized clear bags with marijuana. Based on the detective's training and experience as not only a homicide detective, as the defendant's Motion states, but also as a task force officer for the South Florida High Intensity Drug Trafficking Area Program ("HIDTA"), he knew that C230 and U17 are two types of oxycodone pills, and based on the totality of the circumstances behind the defendant's Instagram posts, it appeared as though the defendant was selling narcotics and using Instagram to advertise his doing so.

On or about January 10, 2022, Judge Richard Hersch of the Eleventh Judicial Circuit signed a warrant to search the defendant's residence for narcotics. The warrant was reviewed by an Assistant State Attorney before it was presented to the judge. The probable cause used for the warrant was based on the information Detective Arriola observed on the defendant's Instagram account, as outlined above. The defendant's Motion does not appear to challenge the probable cause, rather, it challenges the language used in the "property to be searched" section of the warrant, claiming it to be overbroad. The warrant outlines the two statutes that were violated: Florida Statute § 934.215, unlawful use of a two-way communication device to facilitate or further

the commission of a felony offense, and Florida Statute § 893.13(1)(a)(1), sale of a controlled substance. The "property to be searched" section seeks to search for the following three things:

(1) Any electronic device, but not limited to cellular phones, used or owned by Instagram user "poohsanedahome" which may have been used for the creation of these pictures and/or videos.
(2) Any and all contraband.
(3) Any other items of evidence value that could be relevant to proving the above listed charges.

Officers executed the search warrant at the defendant's residence that same day. Law enforcement searched the southeast bedroom, which was identified as the defendant's bedroom. Inside the bedroom, law enforcement located a brown paper bag and a black book bag on the floor containing baggies of suspected marijuana. Additionally, they found a red notebook on a desk in the defendant's bedroom that contained personal identifying information ("PII"), which is the subject of the charges against the defendant, in this case. Lastly, an iPhone with a black case was recovered near the defendant's bed[1].

## II.  ARGUMENT

i.  The search warrant was not overly broad.

A warrant that does not sufficiently particularize the place to be searched or the things to be seized is unconstitutionally overbroad. *United States v. Travers*, 233 F.3d 1327, 1329 (11th Cir. 2000). General searches that allow for a "rummaging" through a person's property are impermissible. *Id*. Thus, warrants outlining with specificity what property they seek to search obviates the problem of a general search. "A description is considered sufficiently particular when it enables the searcher to reasonably ascertain and identify the things authorized to be seized." *See United States v. Betancourt*, 734 F.2d 750, 754-55 (11th Cir. 1984). In order for a search to be

---

[1] The charges in this Indictment are not a result of any search of the cellular phone, and therefore is not relevant to the issues in this suppression motion.

reasonable, the warrant must be specific. Specificity has two aspects: particularity and breadth. *United States v. Maali*, 346 F. Supp. 2d 1226, 1239 (M.D. Fla. 2004), *aff'd sub nom*. *United States v. Khanani*, 502 F.3d 1281 (11th Cir. 2007). Particularity is the requirement that the warrant must clearly state what is sought. Breadth requires that the scope of the warrant be limited by the probable cause on which the warrant is based. *Id*. Sufficiency in particularity enables the searcher to reasonably ascertain and identify the things authorized to be seized. *See United States v. Betancourt*, 734 F.2d 750, 754-55 (11th Cir. 1984).

While it is true that the warrant could have been written with more specificity, the ability to make a warrant *more* specific does not render the warrant overly broad. The warrant seeks "any other items deemed of evidentiary value that could be relevant to proving the *above listed charges*," those charges being sale of a controlled substance and use of a two- way communication device. It also requests, specifically, to search for electronic devices that could have operated the defendant's Instagram account. Thus, the language of the warrant specifies that the seeker – law enforcement – is looking specifically for evidence of the sale of narcotics and a cellular device used to facilitate or further the narcotics offenses based on the probable cause outlined in the affidavit. Thus, the language of the warrant does not leave law enforcement, as the executor of the warrant, with insufficient guidance and improper discretion in their search of the residence.

Indeed, law enforcement focused their search on the defendant's bedroom – and only in areas where narcotics or a cellular device could reasonably be located. While law enforcement was entitled to search the entirety of the residence pursuant to the warrant and did so to an extent, once they learned which bedroom was the defendant's, they focused their search more heavily on that area. This means that they operated their search even more narrowly than what the full scope of the warrant would have allowed, by choosing to focus their search more thoroughly on the

defendant's bedroom instead of the residence as a whole. They found the marijuana in a bookbag in the defendant's room, and the notebook on top of the defendant's dresser. The defendant's Motion alleges this search was a "general rummaging" of the defendant's home. This is not so. Law enforcement limited the scope of their search only to the areas in the defendant's bedroom where narcotics (or information related to the sale of narcotics – such as a drug ledger in a notebook, for example) and a cellular device used to sell narcotics could reasonably be located.

Lastly, if the description of the items to be seized pursuant to a search warrant is overly broad, the appropriate remedy is to sever those portions of the warrant that lack probable cause – not invalidate the entirety of the warrant like the defendant's Motion suggests. *See United States v. Cook*, 657 F.2d 730, 734-35 (5th Cir. 1981). For example, if this Court were to find that the section of the warrant that requests "any and all contraband" to be overly broad, the proper remedy it to sever just that portion – and suppress the evidence derived therefrom. Even in doing so, the evidence should not be suppressed. The notebook found during the search was properly seized under the third requested item from the list of three requests in the "property to be seized" section of the warrant.

  ii. The search of the notebook did not exceed the scope of the warrant.

A search may be as extensive as reasonably required to locate the items described in the warrant. *See United States v. Wuagneux*, 683 F.2d 1343, 1352 (11th Cir. 1982). Only items described in the warrant may be seized. *United States v. Bills,* 555 F.2d 1250, 1251 (5th Cir. 1977). The items described in the warrant encompassed evidence pertaining to cellular devices, and the sale of narcotics. This means that law enforcement could search for narcotics, paraphernalia associated with the sale of narcotics, and, for example a drug ledger or notebook. All such items would have been lawfully within the scope of the warrant.

5

Drugs can be found anywhere within a residence, and within a bedroom. Drugs can be found in bags, on the floor, on the bed, in drawers, and even embedded between pieces of paper – like a notebook. *See United States v. Reeves*, 604 F. App'x 823, 826 (11th Cir. 2015) (holding that denial of the motion to suppress based on the officer's search of the defendant's notebook found in his backpack during an initial drug investigation was lawful, stating that the officer could have looked through the pages of the notebook and medical records in order to search for hidden narcotics); *see also United States v. Ross*, 456 U.S. 798, 820-21, 102 S.Ct. 2157, 2170-71, 782 L.Ed.2d 572 (1982) (holding that a lawful search of a fixed premises generally extends to the entire area in which the object of the search may be found and is not limited by the possibility that separate acts of entry or opening may be required to complete the search.") Even in conducting just a cursory look through the notebook, the readily apparent nature of the PII found within the notebook made it clear that it was contraband and allowed for the officers to seize it. The Court should reject the defendant's argument and find that the scope of the warrant was not exceeded by the search of the notebook.

    iii.    The Good Faith Exception

The *Leon* good faith exception applies when an officer has in good faith obtained a search warrant from a judge or magistrate and acted within its scope. *United States v. Leon*, 468 U.S. 897, 922, 104 S. Ct. 3405, 82 L.Ed.2d 677 (1984). The bar to satisfy good faith is not extraordinarily high. Under *Leon*, searches pursuant to a warrant will rarely require any deep inquiry into reasonableness, for a warrant issued by a magistrate normally suffices to establish that a law enforcement officer acted in good faith in conducting the search. *See United States v. Robinson*, 336 F.3d 1293, 1295 (11th Cir. 2003). The relevant inquiry is whether a "reasonably well-trained officer" would have known that the search was illegal despite being authorized by a neutral

magistrate. *Leon*, 468 U.S. at 922 n.23. The purpose of the exclusionary rule is to deter bad police behavior. Generally, when law enforcement act in good faith and in reasonable reliance on a judge's order, exclusion is not warranted because there is no unlawful conduct to deter. *Travers*, 233 F.3d at 1329.

This exception applies in all but four limited sets of circumstances: (1) where "the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard for the truth",: (2) "where the issuing magistrate wholly abandoned his judicial role in the manner condemned in", (3) where the affidavit supporting the warrant is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable", and (4) where, depending upon the circumstances of the particular case, a warrant is "so facially deficient – i.e., in failing to particularize the place to be searched or things to be seized – that the executing officers cannot reasonably presume it to be valid." *Leon*, 468 U.S. at 922. The *Leon* good faith exception requires suppression "only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." *Id.* at 926. Again, the purpose of the exclusionary rule is to deter unlawful police practices and misconduct. Therefore, when officers engage in "objectively reasonable law enforcement activity" and have acted in good faith when obtaining a search warrant from a judge or magistrate, the *Leon* good faith exception applies. *Id.* at 919-20.

The good faith exception also applies to sections of warrants that courts deem to be overbroad. *Travers*, 233 F.3d at 1327, 1330 (holding that even where the government conceded the warrant to search for all documents involving real estate, litigation, property, mailings and anything reflecting potential fraud was overly broad, the agents acted in good faith in reliance on

the warrant because it was not so facially deficient so as to negate their presumption of validity). Officers do not act in objective good faith if the warrant is so overly broad on its face that executing officers could not reasonably have presumed it to be valid. *Id*. That is not the case here for the reasons stated above, including that the warrant was first reviewed by a state prosecutor and then signed by a judge.

The defendant's Motion argues that the first and last of the four exceptions apply here. First, the Motion argues that somehow the notion that law enforcement may or may not have wanted to speak with the Defendant regarding the El Mula Banquet Hall murders triggers the first exception. The Motion argues that law enforcement's interest in what knowledge or information the defendant had regarding the murders should have been included in the affidavit, essentially raising a *Franks* argument. To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard of the truth, and those allegations must be accompanied by an offer of proof. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished to support these allegations. If the requirement is met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required. *Franks v. Delaware*, 438 U.S. 154, 171, 98 S.Ct. 2674, 2684, 57 L.Ed.2d 667 (1978). The defendant bears the burden of proving by a preponderance of the evidence that the statements were false or made with reckless disregard and that the remaining facts contained in the affidavit are insufficient to support probable cause. *See United States v. Kapordelis*, 569 F.3d 1291, 1309 (11th Cir. 2009). The defendant has failed to do so here. An officer's subjective intent is not relevant. *See Whren v. United States*, 517 U.S. 806, 814, 116 S. Ct. 1769, 1775, 135

8

L. Ed. 2d 89 (1996) (stating that the Fourth Amendment's concern with "reasonableness" allows certain actions to be taken in certain circumstances, *whatever* the subjective intent, reiterating that the Supreme Court has been unwilling to entertain Fourth Amendment challenges based on the actual motivations of individual officers.)

The relevant analysis is whether or not the omission of their interest in investigating a*nother* crime in their affidavit for probable cause for the defendant's sale of drugs – the probable cause of which is not being contested by the defendant – would have resulted in the judge declining to issue the search warrant. The information presented to the issuing judge was regarding probable cause for the sale of drugs – for which they had sufficient evidence to show existed. Whether or not law enforcement intended to ask the defendant about his knowledge of the murders subsequent to their search of his residence has no bearing on whether or not the court would have signed the warrant had the court been aware of law enforcement's interest in gathering information about another crime.

Notably, the defendant's Motion does not cite to any case law in this circuit or otherwise that stands for the proposition that an officer is required to inform the judge issuing a warrant of their every motivation for investigating a particular person or crime. He cannot – because it does not exist. The operative question is, was the judge issuing a warrant misled by information in an affidavit that the affiant *knew was false* or would have known was false except for his *reckless disregard for the truth* and the omission or false statement is *relevant* to the finding of probable cause. The information presented in the warrant was based on law enforcement's investigation of the defendant for drug sale activity. It was accompanied with exhibits from his Instagram account showing the clear sale of narcotics, brief surveillance conducted at his residence, and search warrant returns from both Instagram and T-Mobile connecting the Instagram account and cellular

9

phone to the defendant's residence. There is no relevant omission, and no false statements made to the judge in order to induce the court into issuing the warrant. Law enforcement's desire to ask the defendant in a post-*Miranda* statement regarding his knowledge of a shooting, as mentioned in the defendant's Motion, has no connection to an application for a search warrant. And, law enforcement did not search for evidence related to the El Mula Banquet Hall murders in the defendant's residence or bedroom. The evidence that is the subject of the charges against the defendant stem from the notebook with PII. Therefore, the Court should first find that the defendant did not meet his burden in showing by a preponderance of the evidence that the statements were made with reckless disregard for the truth and should be denied based on that alone – and second, should find, for the reasons stated above, the first of the four *Leon* exceptions does not apply.

Furthermore, the warrant in this case was submitted to an Assistant State Attorney for review before being presented to the judge. Only after the prosecutor reviewed the affidavit was it submitted to the judge, reviewed by the judge, and then signed. The affiant was acting in good faith when he relied on a warrant that was not only signed by a judge, but reviewed by a prosecutor first. *See United States v. Stowers*, 32 F.4th 1054, 1067 (11th Cir. 2022) (holding that the agent acted in good faith when relying on a wiretap order signed by the judge after review and consultation with the state and federal prosecutors, comparing it to an officer's reliance on a search warrant, noting that it makes "no sense" to fault an officer for his good-faith reliance on a court's search warrant.) The Court should find that law enforcement operated in good faith in both their application and reliance on the warrant, and apply the *Leon* good faith exception in denying the defendant's Motion.

## **CONCLUSION**

WHEREFORE, the government respectfully requests that this Court deny the Defendant's Motion.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

By: */s/ Yara Dodin*
Yara Dodin
Assistant United States Attorney
Florida Bar No. 0124979
99 NE 4th Street
Miami, Florida 33132-2111
Phone: (786) 761-3135
Email: Yara.Dodin@usdoj.gov