**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT OF FLORIDA
IN AND FOR MIAMI-DADE COUNTY**

**APPLICATION FOR A WARRANT AUTHORIZING THE INSTALLATION AND USE
OF A PEN REGISTER,
INCLUDING PROSPECTIVE CELL SITE LOCATION INFORMATION,
A TRAP AND TRACE DEVICE,
THE USE OF A CELL SITE SIMULATOR,
AND THE DISCLOSURE OF RECORDS,
HISTORICAL CELL SITE LOCATION INFORMATION,
AND GPS AND/OR OTHER PRECISE LOCATION INFORMATION**

Comes now KATHERINE FERNANDEZ RUNDLE, by and through the undersigned Assistant State Attorney Joseph-Robert Forman, with Law Enforcement Affiant Detective Sergio Pagliery, as set forth in the Probable Cause Affidavit attached hereto and incorporated herein as Exhibit A, and applies to this Court for a Warrant authorizing the installation and use of a pen register, including prospective cell site location information, a trap and trace device, the use of a cell site simulator, and the disclosure of records, historical cell site location information, and GPS and/or other precise location information, on the following grounds:

The **Miami-Dade Police Department (MDPD), the Florida Department of Law Enforcement (FDLE), and the United States Marshals Service** have an ongoing criminal investigation (Case# PD220103-003073) involving **T-MOBILE,** IP address: **2607:fb90:902f:c979:401d:f493:13a1:7c12** used on/at **2021-12-25 14:44:03 UTC,** subscribed to an unknown person (hereinafter, "target cellular telephone"). It is hereby certified, as set forth in the affidavit attached hereto and incorporated herein as Exhibit A, pursuant to Florida Statutes §§ 934.23(5) and 934.32 and 18 U.S.C. § 2703(d), and consistent with 18 U.S.C. § 3122(b)(2), that there are specific and articulable facts which demonstrate that there are reasonable grounds to believe that the information likely to be obtained through the installation and use of a pen register, including prospective cell site location information, a trap and trace device, the use of a cell site simulator, and the disclosure of records, historical cell site location information, and GPS and/or other precise location information is relevant and material to an ongoing criminal investigation of **LAVON MOSS** (hereinafter, "Subject") by, **the Miami-Dade Police Department (MDPD), the Florida Department of Law Enforcement (FDLE), and the United States Marshals Service** for the offenses of **Unlawful use of a two-way Communication Device and Sale of a Controlled Substance and Conspiracy to Commit that (those) offense (offenses).**



It is further certified, as set forth in the affidavit attached hereto and incorporated herein as Exhibit A, that there is a clear connection between illegal activity and the Subject under investigation whose privacy may be invaded.

It is further certified, as set forth in the affidavit attached hereto and incorporated herein as Exhibit A, that there is a reasonable founded suspicion that the information likely to be obtained through the installation and use of a pen register, including prospective cell site location information, a trap and trace device, the use of a cell site simulator, and the disclosure of records, historical cell site location information, and GPS and/or other precise location information will constitute, contain, or lead to evidence or an instrumentality of the crime articulated in Exhibit A or to the Subject.

It is further certified, as set forth in the affidavit attached hereto and incorporated herein as Exhibit A, that there is probable cause to believe that the Subject possesses and/or is using the target cellular telephone and that the information likely to be obtained through the installation and use of a pen register, including prospective cell site location information, a trap and trace device, the use of a cell site simulator, and the disclosure of records, historical cell site location information, and GPS and/or other precise location information will constitute, contain, or lead to evidence or an instrumentality of the crime articulated in Exhibit A or to the Subject.

It is further certified that alternative means of investigation have been considered or attempted, and no less intrusive means will be effective in attaining the objectives of this ongoing criminal investigation.

This application is made pursuant to Florida Statutes §§ 934.32, 934.33, 934.23, 934.42, and 92.605(2), and Shaktman v. State, 553 So. 2d 148 (Fla. 1989); Tracey v. State, 152 So. 3d 504 (Fla. 2014); U.S. v. Jones, 132 S.Ct. 945 (2012); Carpenter v. U.S., 138 S.Ct. 2206 (2018); and 18 U.S.C. §§ 2703(c)(1)(A) and (B) and 2703(d), 3122(a)(2) and (b)(2), and 3123(a)(2) and (c), and is consistent with Federal Rule of Criminal Procedure 41.

It is further requested that this Court order **T-MOBILE**, and other providers of wire and/or electronic communications services, and their agents and employees, landlords, custodians, and other persons and entities whose assistance may facilitate the execution of the Warrant, to install such pen register and trap and trace devices on the target cellular telephone forthwith for all wire and electronic



communications, and to furnish **the Miami-Dade Police Department (MDPD), the Florida Department of Law Enforcement (FDLE), and the United States Marshals Service** forthwith all information, facilities, and technical assistance necessary to accomplish the installation and use of a pen register, including prospective cell site location information, and of a trap and trace device, and the disclosure of GPS and/or other precise location information (all without geographic limits) unobtrusively and with a minimum of interference with the services that **T-MOBILE**, and other providers of wire and/or electronic communications services, and their agents and employees, landlords, custodians, and other persons and entities whose assistance may facilitate the execution of the Warrant, accord the party with respect to whom the installation and use and location information and records disclosure is to take place.  In addition, for the GPS/precise location information, it is further requested that **T-MOBILE**, and other providers of wire and/or electronic communications services, and their agents and employees, landlords, custodians, and other persons and entities whose assistance may facilitate the execution of the Warrant, be directed to determine the location of the target cellular telephone on the service provider's network or with such other reference points as may be reasonably available and at such intervals and times as directed by **the Miami-Dade Police Department (MDPD), the Florida Department of Law Enforcement (FDLE), and/or the United States Marshals Service.**  The request for prospective cell site location information (to include the corresponding tower address/location lists) and GPS and/or other precise location information includes Range to Tower Measurements / Round Trip Times (RTT), Per Call Measurement Data (PCMD), and Historical Mobile Locators (NELOS), if available.

**The Miami-Dade Police Department (MDPD), the Florida Department of Law Enforcement (FDLE), and/or the United States Marshals Service** will compensate **T-MOBILE**, and other providers of wire and/or electronic communications services, and their agents and employees, landlords, custodians, and other persons and entities who furnish facilities and/or technical assistance pursuant to the Warrant for all reasonable charges and/or expenses incurred in providing such facilities and assistance; provided that said charges and/or expenses shall be identified and billed to **the Miami-Dade Police Department (MDPD), the Florida Department of Law Enforcement (FDLE), and/or the United States Marshals Service** as attributable to Case # PD220103-003073.

The Applicant also requests that the Court direct that **T-MOBILE**, and other providers of wire and/or electronic communications services, and their agents and employees, landlords,



custodians, and other persons and entities whose assistance may facilitate the execution of the Warrant, provide forthwith **the Miami-Dade Police Department (MDPD), the Florida Department of Law Enforcement (FDLE), and the United States Marshals Service**, upon written request, the names, addresses, billing and credit information of the subscribers of record, whether published or non-published, for the telephone numbers identified through the use of the pen register device and/or the results of the trap and trace device. The Applicant seeks the (I) traced and identified telephone number(s); (II) type of facility from or to which the traced and identified telephone calls were received or made, i.e., whether the calls originated from or were made to a land line, mobile telephone, cellular telephone, or other telephone system, including the address of service information for any land line; (III) names and addresses of the subscribers of record, whether published or non-published, for said traced and identified telephone calls; (IV) billing and credit information for said traced and identified calls; and (V) dates, times, and durations of each such traced and identified telephone call.

The Applicant also requests that the Court direct that **T-MOBILE**, and other providers of wire and/or electronic communications services, and their agents and employees, landlords, custodians, and other persons and entities whose assistance may facilitate the execution of the Warrant, provide forthwith **the Miami-Dade Police Department (MDPD), the Florida Department of Law Enforcement (FDLE), and the United States Marshals Service**, information relating to any call forwarding features. If such call forwarding features exist or are subscribed to during the authorized period of the Warrant, the Applicant requests that the information provided shall include the final destination telephone number that the target cellular telephone number is call forwarded to, as well as any additional intermediate telephone number(s) that the call is forwarded to before it reaches the final destination telephone number. The information provided shall also include the subscriber information for each of the telephone numbers to which the call was forwarded, including the final destination telephone number that the target cellular telephone number is call forwarded to, as well as any additional intermediate telephone number(s) that the call is forwarded to before it reaches the final destination telephone number. This subscriber information shall include the names, addresses, billing and credit information of the subscribers of record, whether published or non-published, and the address of service information for the telephone service of any land line facility (ies) to which any traced and identified telephone calls are call forwarded to.

The Applicant further requests that the Court direct **T-MOBILE**, and other providers of wire and/or electronic communications services, and their agents and employees, landlords, custodians, and other persons and entities whose assistance may facilitate the execution of the Warrant, to provide forthwith call detail information; electronic communications detail information, to include SMS, MMS, internet access, and packet data sessions, subscriber information, email addresses, email logs (with header information), Internet Protocol (IP) logs, website addresses for any email addresses, IP addresses, and user names accessed or utilized by the user of the target cellular telephone , but excluding content; historical cell site location information (to include the corresponding tower address/location lists) and GPS and/or other precise location information, to include Range to Tower Measurements / Round Trip Times (RTT), Per Call Measurement Data (PCMD), and Historical Mobile Locators (NELOS), if available, for the period of thirty (30) days through the date of the Warrant.

The Applicant further requests that the Court direct **T-MOBILE**, and other providers of wire and/or electronic communications services, and their agents and employees, landlords, custodians, and other persons and entities whose assistance may facilitate the execution of the Warrant, to provide forthwith **the Miami-Dade Police Department (MDPD), the Florida Department of Law Enforcement (FDLE), and the United States Marshals Service**, the names, addresses, billing and credit information of the subscribers of record, whether published or non-published, length of service (including start date) and types of service utilized, and the brand name and model of handset for the target cellular telephone number, and the International Mobile Subscriber Identity (IMSI), the Mobile Subscriber Identification Number (MSID), the Mobile Identification Number (MIN), the Electronic Serial Number (ESN), the International Mobile Equipment Identity (IMEI), the Mobile Equipment Identifier (MEID), and the Electronic Information Number (EIN) of the target cellular telephone number, including any temporarily assigned network address.

It is further requested, pursuant to the investigation of **LAVON MOSS** for the offenses of **Unlawful use of a two-way Communication Device and Sale of a Controlled Substance and Conspiracy to Commit that (those) offense (offenses)**, that during the authorized period of the Warrant, the Court authorize agents of **the Miami-Dade Police Department (MDPD), the Florida Department of Law Enforcement (FDLE), and the United States Marshals Service** to determine the location of the target IP address: **2607:fb90:902f:c979:401d:f493:13a1:7c12** used on/at **2021-12-25 14:44:03 UTC**, by collecting and examining:



1. Radio signals emitted by the target cellular telephone for the purpose of communicating with cellular infrastructure, including towers/antennas that route and connect individual communications; and

2. Radio signals emitted by the target cellular telephone in response to signals sent to the target cellular telephone by agents of **the Miami-Dade Police Department (MDPD), the Florida Department of Law Enforcement (FDLE), and the United States Marshals Service**;

during all times of the day and night, within the State of Florida, and at multiple locations and/or multiple times at one location, if and as needed to locate the target cellular telephone , even if it is located inside a house, apartment, or other building.  The Applicant/Affiant do not seek authority to intercept the contents of any telephone calls, text messages, Internet data, or other electronic communications.

Through the use of a cell site simulator, agents of **the Miami-Dade Police Department (MDPD), the Florida Department of Law Enforcement (FDLE), and the United States Marshals Service** plan to send signals to the target cellular telephone that will cause it, and nearby non-target cellular devices on the same cellular provider network as the target cellular telephone in close physical proximity to emit unique identifiers, which will be obtained by the technology. Investigators will use the information collected to determine information pertaining to the physical location of the target cellular telephone, even if it is located inside a house, apartment, or other building, or to determine the currently unknown identifiers of the target cellular telephone.

The target cellular telephone and other cellular devices on the same cellular provider network as the target cellular telephone in the area might experience a temporary disruption of service from the service provider.  Any potential service disruption to non-target cellular devices would be brief and temporary, and all operations will be conducted to ensure the minimal amount of interference to non-target cellular devices.

In order to connect with the target cellular telephone, the device may briefly exchange signals with all cellular telephones or other cellular devices on the same cellular provider network as the target cellular telephone in its vicinity.  These signals may include cell phone identifiers. The device will not complete a connection with cellular devices determined not to be the target cellular telephone, and law enforcement will limit collection of information from cellular devices other than the target cellular telephone.  To the extent that any information from a cellular device

other than the target cellular telephone is collected by the law enforcement device, law enforcement will delete that information, and law enforcement will make no investigative use of it absent further order of the Court, other than for the sole purpose of distinguishing the target cellular telephone from all other cellular devices.

In relation to the requests made herein, the Applicant seeks authorization for target IP address: **2607:fb90:902f:c979:401d:f493:13a1:7c12** used on/at **2021-12-25 14:44:03 UTC**, as well as any changed telephone number(s) subsequently assigned to the same International Mobile Subscriber Identity (IMSI), Mobile Subscriber Identification Number (MSID), Mobile Identification Number (MIN) and/or instrument bearing the same Electronic Serial Number (ESN), International Mobile Equipment Identity (IMEI), Mobile Equipment Identifier (MEID), and/or Electronic Information Number (EIN); or any new IMSI, MSID, MIN, ESN, IMEI, MEID, and/or EIN, whether the changes occur consecutively or simultaneously, listed to the same subscriber and wireless telephone account number as the target cellular telephone within the period authorized by the Warrant; and/or any new IMSI, MSID, MIN, ESN, IMEI, MEID, and/or EIN assigned to the target cellular telephone or new/changed telephone number(s), whether the changes occur consecutively or simultaneously, listed to the same subscriber and wireless telephone account number as the target cellular telephone within the period authorized by the Warrant.

The Applicant further requests that in the event the target cellular telephone 's unique telephone number, hardware or network identity number identified in the Warrant as associated with the target cellular telephone was changed by the subscriber or customer during the thirty (30) days prior to the execution of the Warrant, that the Court order **T-MOBILE**, and other providers of wire and/or electronic communications services, and their agents and employees, landlords, custodians, and other persons and entities whose assistance may facilitate the execution of the Warrant, to provide forthwith **the Miami-Dade Police Department (MDPD), the Florida Department of Law Enforcement (FDLE), and the United States Marshals Service** with that new unique cellular telephone number, hardware or network identity number. Criminals are known to change telephone numbers or device identifiers, sometimes on a frequent basis, in a deliberate and calculated effort to avoid detection by law enforcement, and despite law enforcement's due diligence in attempting to identify the current telephone number or unique device identifier of the target cellular telephone at the time legal process is sought. Law enforcement's ability to learn the "new" telephone number or unique device identifier is essential to its ability to apply to this Court for a Warrant authorizing the



installation and use of a pen register, including prospective cell site location information, a trap and trace device, the use of a cell site simulator, and the disclosure of records, historical cell site location information, and GPS and/or other precise location information in relation to any such "new" cellular telephone number or unique device identifier.   Accordingly, Applicant has offered specific and articulable facts showing that there are reasonable grounds to believe that the identification of any telephone number or unique device identifier which, within the thirty (30) day period prior to the Warrant's issuance, replaced the target cellular telephone number or unique device identifier associated with the target cellular telephone for which probable cause of its association with the Subject has already been set forth in the affidavit attached hereto and incorporated herein as Exhibit A, is also relevant and material to the ongoing criminal investigation.

The Applicant further seeks that during the authorized period of the Warrant, thirty (30) days,  and other providers of wire and/or electronic communications services, and their agents and employees, landlords, custodians, and other persons and entities whose assistance may facilitate the execution of the Warrant, be ordered to notify, **the Miami-Dade Police Department (MDPD), the Florida Department of Law Enforcement (FDLE), and the United States Marshals Service** of any attempts or changes in the subscriber telephone number or the target cellular telephone 's unique identifiers and, upon request of the law enforcement agents, to not terminate service to the target cellular telephone .  **The Miami-Dade Police Department (MDPD), the Florida Department of Law Enforcement (FDLE), and the United States Marshals Service** shall compensate **T-MOBILE**, and other providers of wire and/or electronic communications services, and their agents and employees, landlords, custodians, and other persons and entities whose assistance may facilitate the execution of the Warrant for any expenses incurred for the requested continuation of service for the duration of the Warrant.

The Applicant further seeks that the installation and use of the pen register device and prospective cell site location information, and the trap and trace device, be authorized for a period not to exceed sixty (60) days from the date of the Warrant; and further that the use of the cell site simulator and the disclosure of GPS and/or other precise location information be authorized for a period not to exceed thirty (30) days from the date of the Warrant.

The Applicant further requests, pursuant to Florida Statute § 934.33(4)(a) and for good cause shown, that the Court order that all papers in support of this application, including any



affidavit and the Warrant itself, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents, because their premature disclosure may seriously jeopardize the investigation.

Pursuant to Florida Statutes §§ 934.23(4)(c) and 934.33(4)(a) and 18 U.S.C. §§ 2703(c)(3) and 3123(d)(1), no notice to the subscriber or customer of the issuance of the Warrant is required by law enforcement in relation to information requested under those authorities. Pursuant to Florida Statutes §§ 934.25 and 92.605 (defining "adverse result"), and consistent with 18 U.S.C. §§ 2705(a)(2) and 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), it is also requested that any required notice by law enforcement of the location requests contained herein not be provided to the subscriber or user of the target cellular telephone or the target of the investigation for a period of ninety (90) days, or within a reasonable time not later than ninety (90) days after the Warrant is unsealed if the Warrant is sealed by the Court, whichever is later. This delay is justified because there is reasonable cause to believe that providing immediate notification of the Warrant or its execution may have an adverse result and seriously jeopardize the ongoing investigation. Such a disclosure would give person(s) an opportunity to destroy evidence, change patterns of behavior, notify confederates, flee from prosecution, and potentially endanger the life or physical safety of law enforcement personnel attempting to execute the Warrant and civilians in the area.

*This space was left blank intentionally*

Pursuant to Florida Statutes §§ 934.25(6), 934.33(4)(b) and 92.605, and 18 U.S.C. §§ 3123(d)(2) and 2705(b), the Applicant requests the Court order **T-MOBILE**, and other providers of wire and/or electronic communications services, and their agents and employees, landlords, custodians, and other persons and entities whose assistance may facilitate the execution of the Warrant, _not_ to notify the subscriber or user of the target cellular telephone or any other persons of

the existence of the requested Warrant or of the investigation, unless or until otherwise ordered by

the Court, because there is reason to believe that notification of the existence of the requested Warrant or the investigation will result in assisting the Subject, and/or his/her associates, to avoid arrest and prosecution, and jeopardize an ongoing investigation in the manners described above.

KATHERINE FERNANDEZ RUNDLE
STATE ATTORNEY

By:    /s/Joseph-Robert Forman
Joseph-Robert Forman
Assistant State Attorney
Florida Bar# 117719

STATE OF FLORIDA     )
                      ) SS
COUNTY OF MIAMI-DADE )

      BEFORE ME, the undersigned authority, duly authorized to administer oaths and take acknowledgments, personally appeared Joseph-Robert Forman, who, being by me first duly sworn, deposes and says that he is a duly appointed Assistant State Attorney of the Eleventh Judicial Circuit of Florida and that, as such, he is authorized to execute and has executed the above Application; and that she has read the allegations therein contained and the same are true and correct. Further affiant saith not.

/s/Joseph-Robert Forman
AFFIANT

STATE OF FLORIDA, COUNTY OF MIAMI-DADE:

      Sworn to (or affirmed) and subscribed before me by means of □ physical presence or ☒ reliable audio-video communication upon identity verification this   5th   day of   January  ,  2022 , by  Joseph-Robert Forman .



ERICK LOPEZ
Notary Public
State of Florida
Comm# HH187321
Expires 10/17/2025

Notary Public, State of Florida
Personally Known _____ X
Produced Identification _____
Type: _____



**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT OF FLORIDA
IN AND FOR MIAMI-DADE COUNTY**

CRIMINAL DIVISION

IN RE:      INVESTIGATION
**Miami-Dade Police Department (MDPD), Florida Department of Law
Enforcement (FDLE), and United States Marshals Service**
Case # PD220103-003073

<u>**WARRANT**</u>

This matter having come before the Court pursuant to the certified and sworn application

of the State of Florida, and an accompanying Law Enforcement Officer's Probable Cause Affidavit,

which application requested that a Warrant be issued authorizing the installation and use of a pen

register, including prospective cell site location information, a trap and trace device, the use of a cell

site simulator, and the disclosure of records, historical cell site location information, and GPS and/or

other precise location information, and directing **T-MOBILE**, and other providers of wire and/or

electronic communications services, and their agents and employees, landlords, custodians, and other

persons and entities whose assistance may facilitate the execution of this Warrant, to furnish **the

Miami-Dade Police Department (MDPD), the Florida Department of Law Enforcement

(FDLE), and the United States Marshals Service** forthwith all information, facilities, and technical

assistance necessary to accomplish the installation and use of a pen register, including prospective

cell site location information, a trap and trace device, and the disclosure of records, historical cell site

location information, and GPS and/or other precise location information; and which application

alleged that **LAVON MOSS** is a subject of a criminal investigation, and that this Subject is the user

of IP address:  **2607:fb90:902f:c979:401d:f493:13a1:7c12** used on/at **2021-12-25 14:44:03 UTC**,

subscribed to by **T-MOBILE** (hereinafter, "target cellular telephone").

This Court having found that Assistant State Attorney Simar Khera has certified to this

Court that there are specific and articulable facts which demonstrate that there are reasonable grounds

to believe that the information likely to be obtained through the installation and use of a pen register,

including prospective cell site location information, a trap and trace device, the use of a cell site

simulator, and the disclosure of records, historical cell site location information, and GPS and/or other

precise location information is relevant and material to an ongoing criminal investigation of **LAVON

MOSS** being conducted by **the Miami-Dade Police Department (MDPD), the Florida

Department of Law Enforcement (FDLE), and the United States Marshals Service** for the



offenses of **Unlawful use of a two-way Communication Device and Sale of a Controlled Substance and Conspiracy to Commit that (those) offense (offenses)**; that there is a clear connection between illegal activity and the Subject under investigation whose privacy may be invaded; that there is a reasonable founded suspicion that the information likely to be obtained through the installation and use of a pen register, including prospective cell site location information, a trap and trace device, the use of a cell site simulator, and the disclosure of records, historical cell site location information, and GPS and/or other precise location information will constitute, contain, or lead to evidence or an instrumentality of the crime or to the Subject; that there is probable cause to believe that the Subject possesses and/or is using the target cellular telephone and that the information likely to be obtained through the installation and use of a pen register, including prospective cell site location information, a trap and trace device, the use of a cell site simulator, and the disclosure of records, historical cell site location information, and GPS and/or other precise location information will constitute, contain, or lead to evidence or an instrumentality of the crime or to the Subject; and that alternative means of investigation have been considered or attempted, and no less intrusive means will be effective in attaining the objectives of this ongoing criminal investigation; concurrently, pursuant to 18 U.S.C. section 2703, that there are specific and articulable facts showing that there are reasonable grounds to believe that the information sought relating to those communicating with the target cellular telephone is also separately relevant and material to the ongoing criminal investigation; and this Court having found the same to exist, and that the application is made, and this Warrant is issued, pursuant to Florida Statutes §§ 934.32, 934.33, 934.23, 934.42, and 92.605(2), and Shaktman v. State, 553 So. 2d 148 (Fla. 1989); Tracey v. State, 152 So. 3d 504 (Fla. 2014); U.S. v. Jones, 132 S.Ct. 945 (2012); Carpenter v. U.S., 138 S.Ct. 2206 (2018); and 18 U.S.C. §§ 2703(c)(1)(A) and (B) and 2703(d), 3122(a)(2) and (b)(2), and 3123(a)(2) and (c), and is consistent with Federal Rule of Criminal Procedure 41, it is therefore;

ORDERED AND ADJUDGED that **T-MOBILE**, and other providers of wire and/or electronic communications services, and their agents and employees, landlords, custodians, and other persons and entities whose assistance may facilitate the execution of this Warrant, are hereby authorized and ordered to furnish **the Miami-Dade Police Department (MDPD), the Florida Department of Law Enforcement (FDLE), and the United States Marshals Service**, forthwith, all information, facilities, and technical assistance necessary to accomplish the installation and use of a pen register, including prospective cell site location information, and a trap and trace device for all wire and electronic communications, and the disclosure of GPS and/or other precise location

information (all without geographic limits) unobtrusively and with a minimum of interference with the services that **T-MOBILE**, and other providers of wire and/or electronic communications services, and their agents and employees, landlords, custodians, and other persons and entities whose assistance may facilitate the execution of this Warrant, accord the party with respect to whom the installation and use and location information and records disclosure is to take place; and further that **T-MOBILE**, and other providers of wire and/or electronic communications services, and their agents and employees, landlords, custodians, and other persons and entities whose assistance may facilitate the execution of this Warrant, are hereby authorized and ordered to determine the location of the target cellular telephone on the service provider's network or with such other reference points as may be reasonably available and at such intervals and times as directed by **the Miami-Dade Police Department (MDPD), the Florida Department of Law Enforcement (FDLE), and/or the United States Marshals Service**; and further that the authorized prospective cell site location information (to include the corresponding tower address/location lists) and GPS and/or other precise location information includes Range to Tower Measurements / Round Trip Times (RTT), Per Call Measurement Data (PCMD), and Historical Mobile Locators (NELOS), if available; and it is

FURTHER ORDERED AND ADJUDGED that:

(1)    The use of said pen register, including prospective cell site location information, and said trap and trace device, is authorized for a period not to exceed sixty (60) days from the date of this Warrant; and the use of the cell site simulator and disclosure of GPS and/or other precise location information is authorized for a period not to exceed thirty (30) days from the date of this Warrant;

(2)    This Warrant and its supporting Application and Affidavit shall be sealed until further order of this Court; provided that a copy of this Warrant may be made available to employees of **T-MOBILE**, and other providers of wire and/or electronic communications services, and their agents and employees, landlords, custodians, and other persons and entities whose assistance may facilitate the execution of this Warrant, and **the Miami-Dade Police Department (MDPD), the Florida Department of Law Enforcement (FDLE), and the United States Marshals Service**, if necessary, to facilitate their assistance in implementing the provisions of this Warrant;

(3)    **T-MOBILE**, and other providers of wire and/or electronic communications services, and their agents and employees, landlords, custodians, and other persons and entities whose

assistance may facilitate the execution of this Warrant, shall provide assistance to **the Miami-Dade Police Department (MDPD), the Florida Department of Law Enforcement (FDLE), and the United States Marshals Service**, and shall not disclose to the listed subscriber, lessee or sub-lessee of the above-mentioned target cellular telephone number, or to any other person or entity, the existence of this Warrant and its supporting Application and Affidavit, or of this investigation, or of this pen register, including prospective cell site location information, trap and trace device installation, request for use of a cell site simulator, and/or request for or disclosure of records, historical cell site location information, and GPS and/or other precise location information unless otherwise ordered by the Court;

(4)    **The Miami-Dade Police Department (MDPD), the Florida Department of Law Enforcement (FDLE), and/or the United States Marshals Service** shall compensate **T-MOBILE**, and other providers of wire and/or electronic communications services, and their agents and employees, landlords, custodians, and other persons and entities who furnish facilities and/or technical assistance pursuant to this Warrant for all reasonable charges and/or expenses incurred in providing such facilities and assistance; <u>provided</u> that said charges and/or expenses shall be identified and billed to **the Miami-Dade Police Department (MDPD), the Florida Department of Law Enforcement (FDLE), and/or the United States Marshals Service** as attributable to Case # PD220103-003073;

(5)    **T-MOBILE**, and other providers of wire and/or electronic communications services, and their agents and employees, landlords, custodians, and other persons and entities whose assistance may facilitate the execution of this Warrant, shall provide forthwith **the Miami-Dade Police Department (MDPD), the Florida Department of Law Enforcement (FDLE), and the United States Marshals Service**, upon written request, the names, addresses, billing and credit information of the subscribers of record, whether published or non-published, for the telephone numbers identified through the use of the pen register device herein authorized and/or the results of the trap and trace device. <u>Said</u> results shall include the (I) traced and identified telephone number(s); (II) type of facility from or to which the traced and identified telephone calls were received or made, i.e., whether the calls originated from or were made to a land line, mobile telephone, cellular telephone, or other telephone system, including the address of service information for any land line; (III) names and addresses of the subscribers of record, whether published or non-published, for said



traced and identified telephone calls; (IV) billing and credit information for said traced and identified calls; and, (V) dates, times, and durations of each such traced and identified telephone call;

(6)    **T-MOBILE,** and other providers of wire and/or electronic communications services, and their agents and employees, landlords, custodians, and other persons and entities whose assistance may facilitate the execution of this Warrant, shall provide forthwith **the Miami-Dade Police Department (MDPD), the Florida Department of Law Enforcement (FDLE), and the United States Marshals Service**, information relating to any call forwarding features.  If such call forwarding features exist or are subscribed to during the authorized period of this Warrant, the information provided shall include the final destination telephone number that the target cellular telephone number is call forwarded to, as well as any additional intermediate telephone number(s) that the call is forwarded to before it reaches the final destination telephone number.  The information provided shall also include the subscriber information for each of the telephone numbers to which the call was forwarded, including the final destination telephone number that the target cellular telephone number is call forwarded to, as well as any additional intermediate telephone number(s) that the call is forwarded to before it reaches the final destination telephone number.  This subscriber information shall include the names, addresses, billing and credit information of the subscribers of record, whether published or non-published, and the address of service information for the telephone service of any land line facility (ies) to which any traced and identified telephone calls are call forwarded to;

(7)    **T-MOBILE**, and other providers of wire and/or electronic communications services, and their agents and employees, landlords, custodians, and other persons and entities whose assistance may facilitate the execution of this Warrant, shall provide forthwith call detail information; electronic communications detail information, to include SMS, MMS, internet access, and packet data sessions, subscriber information, email addresses, email logs (with header information), Internet Protocol (IP) logs, website addresses for any email addresses, IP addresses, and user names accessed or utilized by the user of the target cellular telephone , but excluding content; and historical cell site location information (to include the corresponding tower address/location lists) and GPS and/or other precise location information, to include Range to Tower Measurements / Round Trip Times (RTT), Per Call Measurement Data (PCMD), and Historical Mobile Locators (NELOS), if available, for the period of **thirty (30) days** through the date of this Warrant;



(8)   **T-MOBILE**, and other providers of wire and/or electronic communications services, and their agents and employees, landlords, custodians, and other persons and entities whose assistance may facilitate the execution of this Warrant, shall provide forthwith **the Miami-Dade Police Department (MDPD), the Florida Department of Law Enforcement (FDLE), and the United States Marshals Service**, the names, addresses, billing and credit information of the subscribers of record, whether published or non-published, length of service (including start date) and types of service utilized, and the brand name and model of handset for the target cellular telephone number, and the International Mobile Subscriber Identity (IMSI), the Mobile Subscriber Identification Number (MSID), the Mobile Identification Number (MIN), the Electronic Serial Number (ESN), the International Mobile Equipment Identity (IMEI), the Mobile Equipment Identifier (MEID), and the Electronic Information Number (EIN) of the target cellular telephone number, including any temporarily assigned network address;

(9)   This Warrant authorizes the officers to whom it is directed to determine the location of the target IP address:   **2607:fb90:902f:c979:401d:f493:13a1:7c12** used on/at **2021-12-25 14:44:03 UTC**, by collecting and examining:

1. Radio signals emitted by the target cellular telephone for the purpose of communicating with cellular infrastructure, including towers/antennas that route and connect individual communications; and

2. Radio signals emitted by the target cellular telephone in response to signals sent to the target cellular telephone by agents of **the Miami-Dade Police Department (MDPD), the Florida Department of Law Enforcement (FDLE), and the United States Marshals Service**;

   during all times of the day and night, within the State of Florida, and at multiple locations and/or multiple times at one location, if and as needed to locate the target cellular telephone , even if it is located inside a house, apartment, or other building.

3. This Warrant does not authorize the interception of the contents of any telephone calls, text messages, Internet data, or other electronic communications.

4. Furthermore, law enforcement shall conduct all operations to ensure the minimal amount of interference to non-target cellular devices, and to the extent that any information from a cellular device other than the target cellular telephone is collected by the law enforcement device, law enforcement will delete that information, and law enforcement will make no investigative use of it absent further order of the Court, other than for the sole purpose of distinguishing the target cellular telephone from all other cellular devices.



5. Further, to the extent a cell site simulator falls within the statutory definitions of a "pen register" or a "trap and trace device," *see* Florida Statutes § 934.02(20) and (21) and 18 U.S.C. § 3127(3) and (4), this Warrant is intended to also comply with the Pen Register and Trap and Trace Device Statutes.

(10)   This Warrant is without geographic limitation, unless otherwise directed;

(11)   During the authorized period of this Warrant, **T-MOBILE**, and other providers of wire and/or electronic communications services, and their agents and employees, landlords, custodians, and other persons and entities whose assistance may facilitate the execution of this Warrant, shall continue to furnish **the Miami-Dade Police Department (MDPD), the Florida Department of Law Enforcement (FDLE), and the United States Marshals Service** all of the above information, facilities, and technical assistance not only as to target IP address: **2607:fb90:902f:c979:401d:f493:13a1:7c12** used on/at **2021-12-25 14:44:03 UTC**, but also to any changed telephone number(s) subsequently assigned to the same International Mobile Subscriber Identity (IMSI), Mobile Subscriber Identification Number (MSID), Mobile Identification Number (MIN) and/or instrument bearing the same Electronic Serial Number (ESN), International Mobile Equipment Identity (IMEI), Mobile Equipment Identifier (MEID), and/or Electronic Information Number (EIN); or any new IMSI, MSID, MIN, ESN, IMEI, MEID, and/or EIN, whether the changes occur consecutively or simultaneously, listed to the same subscriber and wireless telephone account number as the target cellular telephone within the period authorized by this Warrant; and/or any new IMSI, MSID, MIN, ESN, IMEI, MEID, and/or EIN assigned to the target cellular telephone or new/changed telephone number(s), whether the changes occur consecutively or simultaneously, listed to the same subscriber and wireless telephone account number as the target cellular telephone within the period authorized by this Warrant;

(12)   IT IS FURTHER ORDERED that in the event the target cellular telephone 's unique telephone number, hardware or network identity number identified in this Warrant as associated with the target cellular telephone was changed by the subscriber or customer during the thirty (30) days prior to the execution of this Warrant, **T-MOBILE**, and other providers of wire and/or electronic communications services, and their agents and employees, landlords, custodians, and other persons and entities whose assistance may facilitate the execution of this Warrant, shall provide forthwith **the Miami-Dade Police Department (MDPD), the Florida Department of Law Enforcement (FDLE), and the United States Marshals Service** with the new unique cellular telephone number, hardware or network identity number. The Court finds that Applicant has offered specific



and articulable facts showing that there are reasonable grounds to believe that the identification of any telephone number or unique device identifier which, within the thirty (30) day period prior to the issuance of this Warrant, replaced the target cellular telephone number or unique device identifier associated with the target cellular telephone for which probable cause of its association with the Subject this Court hereby finds, this Court hereby further finds is also separately relevant and material to the ongoing criminal investigation;

(13)   IT IS FURTHER ORDERED that during the authorized period of this Warrant, **T-MOBILE,** and other providers of wire and/or electronic communications services, and their agents and employees, landlords, custodians, and other persons and entities whose assistance may facilitate the execution of this Warrant, shall notify **the Miami-Dade Police Department (MDPD), the Florida Department of Law Enforcement (FDLE), and the United States Marshals Service** of any attempts or changes in the subscriber telephone number or the target cellular telephone 's unique identifiers and, upon request of the law enforcement agents, shall not terminate service to the target cellular telephone . **The Miami-Dade Police Department (MDPD), the Florida Department of Law Enforcement (FDLE), and the United States Marshals Service** shall compensate **T-MOBILE**, and other providers of wire and/or electronic communications services, and their agents and employees, landlords, custodians, and other persons and entities whose assistance may facilitate the execution of this Warrant for any expenses incurred for the requested continuation of service for the duration of this Warrant.

(14)   Pursuant to Florida Statutes §§ 934.23(4)(c) and 934.33(4)(a) and 18 U.S.C. §§ 2703(c)(3) and 3123(d)(1), no notice to the subscriber or customer of the issuance of this Warrant is required by law enforcement in relation to information requested under those authorities. Pursuant to Florida Statutes §§ 934.25 and 92.605, and consistent with 18 U.S.C. §§ 2705(a)(2) and 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), it is also directed that any required notice by law enforcement of the location requests contained herein shall not be provided to the subscriber or user of the target cellular telephone or the target of the investigation for a period of ninety (90) days, or within a reasonable time not later than ninety (90) days after this Warrant is unsealed by the Court, whichever is later.  This delay is justified because there is reasonable cause to believe that providing immediate notification of this Warrant or its execution may have an adverse result and seriously jeopardize the ongoing investigation.  Such a disclosure would give person(s) an opportunity to destroy evidence, change patterns of behavior, notify confederates,



flee from prosecution, and potentially endanger the life or physical safety of law enforcement personnel attempting to execute this Warrant and civilians in the area;

(15)  Pursuant to Florida Statutes §§ 934.25(6), 934.33(4)(b) and 92.605, and 18 U.S.C. §§ 3123(d)(2) and 2705(b), **T-MOBILE**, and other providers of wire and/or electronic communications services, and their agents and employees, landlords, custodians, and other persons and entities whose assistance may facilitate the execution of this Warrant, shall <u>not</u> notify the subscriber or user of the target cellular telephone or any other persons of the existence of this Warrant or of the investigation, unless or until otherwise ordered by the Court; there is reason to believe that notification of the existence of this Warrant or the investigation will result in assisting the Subject, and/or his/her associates, to avoid arrest and prosecution, and jeopardize an ongoing investigation.

DONE AND ORDERED this the ___5___ day of _____January_____, 2022, in Miami-Dade County, Florida.

_____
CIRCUIT JUDGE

SP

**EXHIBIT A**

STATE OF FLORIDA       )
                                        ) SS
COUNTY OF MIAMI-DADE   )

**AFFIDAVIT**

Your Affiant, Detective Sergio Pagliery, has been a Police Officer with the Miami-Dade Police Department for seven (7) years and is presently assigned to the Homicide Bureau, Homicide Street Violence Task Force. Your Affiant has been assigned to this unit since June 2018. Your Affiant has received training in the Identification of Narcotics from the Miami-Dade Police Department's Training. Your Affiant's duties consist of the investigation of offenses committed by criminal gangs and criminal enterprises and has actively participated in numerous narcotics investigations. Your Affiant is also a member of the Miami-Dade County Multi-Agency Gang Task Force and South Florida High Intensity Drug Trafficking Area Program.

This Affidavit is based upon information known personally to your Affiant and information obtained from others who have investigated this matter and/or have personal knowledge of the facts herein. Your Affiant has participated in this investigation, spoken with other law enforcement detectives, and has reviewed documents and police reports related to this investigation. Your Affiant has set forth only those facts necessary to establish probable cause in support of this application, and thus, not every detail known to your Affiant and other law enforcement officers concerning this investigation is stated herein.

On December 31, 2021, at approximately 1:15 pm, Miami-Dade Police Department Detective Yunieski Arriola #7550 was utilizing the social media application Instagram and observed pictures posted by the of Instagram account "poohsanedahomie." Detective Arriola knows that this account belongs to LAVON MOSS JR. In the pictures, MOSS posted a written statement stating "Yercs on deck" which is a street slang for I have Percocet's for sale, which is a controlled substance. **(Exhibit 1)**





**Exhibit 1**

On December 31, 2021, at approximately 1:15 pm, Detective Arriola was utilizing the social media application Instagram when he observed videos posted by the Instagram account "poohsanedahomie."  Detective Arriola knows that this account belongs to LAVON MOSS JR. In the videos, MOSS posted two pill bottles full of Oxycodone, and stated "Perculadies, C230, U17" and "Yall come get them things". **(Exhibit 2 and Exhibit 3)**

*This space was left blank intentionally*







**Exhibit 3**                    **Exhibit 4**

Upon seeing the post, Detective Arriola realized it was posted one hour prior. Your Affiant along with several Miami-Dade Police Department Detectives immediately drove to the registered address of LAVON MOSS JR. and saw LAVON MOSS JR. standing in the area with several other males.

Detective Arriola knows that Oxycodone is a controlled substance, and it comes in different milligrams and colors. C230 and U17 are known to Detective Arriola as types of Oxycodone pills. Your Affiant also knows that LAVON MOSS JR. is alerting his Instagram followers that he is selling Percocet and Oxycodone.



On May 4, 2018, LAVON MOSS JR. was issued a Florida Uniform Traffic Citation for operation a motor vehicle without a valid driver's license (Citation# A91TBRE). Your Affiant viewed body worn camera footage of the traffic stop which depicted LAVON MOSS JR. as the person who was issued the traffic citation.

Your Affiant reviewed LAVON MOSS JR. most recent Miami-Dade County mugshot booking photo taken on June 29, 2018 **(Exhibit 4)**. The booking photo of LAVON MOSS JR. also confirmed that the person depicted in all the pictures posted on the Instagram account are in fact LAVON MOSS JR.



**Exhibit 4**

A review of the Instagram account: *https://www.instagram.com/poohsanedahomie/*, confirmed that LAVON MOSS posts daily comments, photographs and/or video and has posted them as most recent as January 2, 2022.

Your Affiant and other members of the Miami-Dade Police Department have made efforts to once again locate "The Subject", but have not been successful.

On January 3, 2022, Your Affiant drafted and served Instagram with a warrant issued by the Eleventh Judicial Circuit of Florida.



On January 5, 2022, Instagram began to respond to the warrant served to them on January 3, 2022.    Since then Your Affiant has been able to identify that IP address **2607:fb90:902f:c979:401d:f493:13a1:7c12 used on/at 2021-12-25 14:44:03 UTC**, accessed the Instagram account on December 25, 2021.

Your Affiant has conducted a records check which indicated that IP address: **2607:fb90:902f:c979:401d:f493:13a1:7c12 used on/at 2021-12-25 14:44:03 UTC**, is an active T-MOBILE cellular line.

Law Enforcement was made several attempts to locate LAVON MOSS JR. which have not been successful.

Because LAVON MOSS JR. is in possession of the device bearing IP address: **2607:fb90:902f:c979:401d:f493:13a1:7c12** used on/at **2021-12-25 14:44:03 UTC**, Your Affiant believes that locating the telephone will also lead to locating LAVON MOSS.  There is probable cause to believe that by locating LAVON MOSS JR., Your Affiant will also locate evidence in this investigation, to-wit, the LAVON MOSS JR.'S visage (image), which will ultimately be identified by detectives.

Locating the device will lead to locating LAVON MOSS JR. whom detectives have probable cause to arrest for Unlawful use of a two-way Communication Device and Sale of a Controlled Substance.  There is probable cause to believe that by locating the aforementioned IP address, Your Affiant will locate LAVON MOSS JR.

*This space was left blank intentionally*



Your Affiant believes that the installation of a pen register with enhanced caller identification and a trap and trace device, and GPS location information on **IP address: 2607:fb90:902f:c979:401d:f493:13a1:7c12** used on/at **2021-12-25 14:44:03 UTC**, will enable "Your Affiant" to locate and arrest LAVON MOSS JR.

_____
Detective Sergio Pagliery
Miami-Dade Police Department
"Affiant"

STATE OF FLORIDA, COUNTY OF MIAMI-DADE:

Sworn to (or affirmed) and subscribed before me by means of ☑ physical presence or ☐ reliable audio-video communication upon identity verification this ___5TH___ day of ___JANUARY___, 2022 , by ___Sergio Pagliery___ .

**ERICK LOPEZ**
Notary Public
State of Florida
Comm# HH187321
Expires 10/17/2025

_____
Notary Public, State of Florida
Personally Known _____X_____
Produced Identification _____
Type: _____

